

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
~iston, TX. 77002-3111
./223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

September 23, 1986

Honorable Benjamin Euresti, Jr.
Cameron County Attorney
974 E. Harrison Street
Brownsville, Texas 78520

Opinion No. JM-550

Re: Disposition of funds received from the sale of vehicles forfeited under section 5.08 of article 4476-15, V.T.C.S.

Dear Mr. Euresti:

You ask our opinion on the following question:

> May the Cameron County Sheriff deposit the money received from the sale of [property that has] been forfeited in accordance with article 4476-15, section 5.08, V.T.C.S., to be used for law enforcement purposes only, or, must the sheriff deliver the said proceeds to the Cameron County District Clerk for forwarding, after paying to any parties holding an interest in the property (in the form of a security interest or lien) the 'value' of such property interest, to the Texas State Comptroller?

The Controlled Substances Act, article 4476-15, V.T.C.S., provides for the forfeiture of various kinds of property used in connection with violations of the act. V.T.C.S. art. 4476-15, §5.03. You suggest that there is a conflict within section 5.08 of the act concerning the disposition of the proceeds from the sale of forfeited property. Section 5.08 provides, in pertinent part:

> Sec. 5.08. (a) Regarding all controlled substances, raw materials, and drug paraphernalia which have been forfeited, the district court shall by its order direct a law enforcement agency to:
>
> (1) retain the property for its official purposes;
>
> (2) deliver the property to a government agency or department for official purposes;

(3) deliver the property to a person authorized by the court to receive it; or

(4) destroy the property that is not otherwise disposed in the manner prescribed by section 5.081 of this Act.

(b) All other property that has been forfeited, except the money derived from the sale, manufacture, distribution, dispensation, delivery, or other commercial undertaking violative of this Act, and except as provided below, shall be sold at a public auction under the direction of the county sheriff after notice of public auction as provided by law for other sheriff's sales. The proceeds of the sale shall be delivered to the district clerk and shall be disposed of as follows:

(1) to any bona fide lienholder, secured party, or other party holding an interest in the property in the nature of a security interest, to the extent of his interest; and

(2) the balance, if any, after deduction of all storage and court costs, shall be forwarded to the state comptroller and deposited with and used as general funds of the state except as provided by subsection (f) of this section.

(c) The state or an agency of the state or a political subdivision of the state authorized by law to employ peace officers may maintain, repair, use, and operate for official purposes all property that has been forfeited to it if it is free from any interest of a bona fide lienholder, secured party, or other party who holds an interest in the property in the nature of a security interest. The department or agency receiving the forfeited vehicle may purchase the interest of a bona fide lienholder, secured party, or other party who holds an interest so that the property can be released for use by the department or agency receiving the forfeited vehicle. The department or agency receiving the forfeited vehicle may maintain, repair, use, and operate the property with money appropriated to the department or agency for current operations. If the property is a motor vehicle susceptible of registration

under the motor vehicle registration laws of this state, the department or agency receiving the forfeited vehicle is deemed to be the purchaser and the certificate of title shall be issued to it as required by Subsection (e) of this section.

. . . .

(f) All money, securities, certificates of deposit, negotiable instruments, stocks, bonds, businesses or business investments, contractual rights, real estate, personal property and other things of value, <u>and the proceeds from the sale of an item described in this subsection that are for-feited to the seizing agencies of the state or an agency or office of a political subdivision of the state authorized by law to employ peace officers shall be deposited in a special fund to be admin-istered by the seizing agencies or office to which they are forfeited</u>. <u>Except as otherwise provided by this subsection, expenditures from this fund shall be used solely for the investigation of any alleged violations of the criminal laws of this state</u>. . . . (Emphasis added).

V.T.C.S. art. 4476-15, §5.08.

You suggest that sections 5.08(b)(2) and 5.08(f) are contra-dictory because section 5.08(b)(2) places proceeds from the sale of forfeited property into the state's general revenue fund, whereas section 5.08(f) places proceeds into a special fund for the use of the seizing agency of the state or agency or office of a political sub-division to whom the property was forfeited.

We find no such conflict in section 5.08. Section 5.08 must be read in the context of the entire act. Section 5.07 of the act provides for a forfeiture hearing. At a forfeiture hearing the court may order the seized property forfeited (1) to the state or (2) to an agency of the state or to a political subdivision of the state authorized by law to employ peace officers. V.T.C.S. art. 4476-15, §§5.07(a), (d). The proper disposition of sale proceeds depends on whether the court orders property to be forfeited to the state or to one of the other eligible entities. Section 5.08(f) governs the disposition of proceeds from a sale if the court orders the seized property forfeited to an eligible entity other than the state. Section 5.08(b)(2), which governs disposition of proceeds "except as provided by subsection (f)" governs disposition of proceeds from the sale of property forfeited to the state. Therefore, section 5.08(b)(2) and section 5.08(f) are not in conflict.

Also, your question seems to imply that if section 5.08(f) controls the disposition of proceeds, persons who hold security interests in forfeited property lose their protection under the act. In other words, your question implies that when property is sold that has been forfeited to an eligible entity other than the state, proceeds do not first go to satisfy the claims of secured parties. We do not think that is a correct reading of the act.

Section 5.08(f) itself makes no reference to the rights of secured parties. Therefore, one might conclude upon reading section 5.08(f) in isolation that a secured party is not protected if seized property is forfeited to any entity other than the state. The act as a whole, however, makes clear that the rights of secured parties are to be protected in all forfeiture proceedings.

Section 5.03(c) of the act states:

> A forfeiture of property encumbered by a bona fide security interest is subject to the interest of the secured party if he neither had knowledge of nor consented to the act which caused the property to be subject to forfeiture.

See also V.T.C.S. art. 4476-15, §§5.05(b)(2), (3), (e), (g), (h); §§5.07(c), (d). We do not think that section 5.08(f), which was added to the act in 1981, was intended as an exception to section 5.03(c).

Section 5.03(c) and other provisions regarding the protection of secured parties have been in article 4476-15 since it was enacted in 1973. Acts 1973, 63rd Leg., ch. 429, at 1132. In the 1973 version of article 4476-15 property could be forfeited only to the Department of Public Safety. Id. at 1161. DPS could keep and use the property if it was free of any bona fide security interest. Id. at 1162. If the property was encumbered by a security interest, it had to be sold, and the proceeds were to be distributed first to secured parties and then to the comptroller to be deposited in the state general revenue fund. Id.

In 1977 the legislature amended section 5.07 of the act to allow a court to order that seized property be forfeited either to the state or to "any agency or unit of government employing the seizing officer." Acts 1977, 65th Leg., ch. 492, at 1269. In 1979 the legislature changed that language somewhat to allow forfeiture to the state or to "an agency of the state or to a political subdivision of the state authorized by law to employ peace officers." Acts 1979, 66th Leg., ch. 37, at 60. When the legislature made those amendments to section 5.07, it also amended section 5.08(c) to permit any agency or office to whom the property was forfeited to keep and use the property if it was free of any bona fide security interest. Acts 1977, 65th

Leg., ch. 492, at 1270; Acts 1979, 66th Leg., ch. 37, at 61.  It was not until 1981, however, that the legislature added section 5.08(f), allowing an entity other than the state to receive proceeds from the sale of forfeited property.  Acts 1981, 67th Leg., ch. 268, at 705.

We think that section 5.08(f) was intended to fit into the existing structure of the act and that it must be read in conjunction with section 5.08(c) and section 5.08(b).  Section 5.08(f) governs how entities other than the state may use forfeited property and proceeds from the sale of forfeited property.  It does not provide for when property may be retained, when it must be sold, or how it is to be sold.  Therefore, section 5.08(f) must be read together with section 5.08(c), which sets out when forfeited property may be retained and when it must be sold, and section 5.08(b), which sets out how forfeited property is to be sold.  Section 5.08(c) states that a seizing agency or office may keep and use property only if it is free of any bona fide security interest.  If the property is not free of any bona fide security interest, it must be sold in order to satisfy the claims of secured parties.  Section 5.08(b), which applies to all property that has been forfeited other than property described in section 5.08(a), governs the sale except insofar as the distribution of the balance of the proceeds is concerned.  Cf. §5.08(b)(2); §5.08(f).  In other words, section 5.08(b)(1), which directs proceeds to go first to secured parties, must be followed before the provision in section 5.08(f) concerning distribution of proceeds comes into play.  Thus, the provision in section 5.08(f) concerning proceeds from the sale of forfeited property is an alternative to section 5.08(b)(2) only, not to section 5.08(b) in its entirety.

A 1985 amendment to section 5.08(b)(2) supports our construction of section 5.08.  In 1985 the legislature amended section 5.08(b)(2) to add the language "except as provided by subsection (f) of this section."  Acts 1985, 69th Leg., ch. 227, at 1867.  We think that the addition of that language to section 5.08(b)(2) makes clear that language in subsection (f) regarding disposition of proceeds from the sale of forfeited property is an alternative to subsection (b)(2) only, not to subsection (b) in its entirety.  When subsection (f) is read as providing an alternative to subsection (b)(2) alone and not subsection (b) in its entirety, the general principle set out in section 5.03(c) -- that the act is intended to protect bona fide security interest -- is left intact.

## S U M M A R Y

Article 4476-15, section 5.08(b)(2), controls the disposition of proceeds from a sale of forfeited property if a court has ordered the property forfeited to the state.  Section 5.08(f) controls the disposition if a court orders the

property forfeited to an agency of the state or a political subdivision of the state authorized by law to employ peace officers.

Article 4476-15, section 5.08(f), does not permit an agency or office to receive proceeds from the sale of forfeited property until the claims of bona fide secured parties have been satisfied.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General